```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DONNA IDLEMAN and**
**MICHAEL IDLEMAN,**

      **Plaintiffs,**

  **v.**                                          **CIVIL NO. 1:22-CV-59**
                                                              **(KLEEH)**

**STATE FARM FIRE AND**
**CASUALTY COMPANY,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO STRIKE**
**[ECF NO. 18], GRANTING MOTION FOR LEAVE TO FILE**
**[ECF NO. 21], AND SETTING BRIEFING SCHEDULE**

Pending is the Plaintiffs' motion to strike the Defendant's motion for partial summary judgment as premature [ECF No. 18]. Also pending is the Defendant's competing motion requesting the Court to accept its motion prior to the close of discovery [ECF No. 21]. For the reasons that follow, the Court **DENIES** the Plaintiffs' motion. It also **GRANTS** the Defendant's motion and sets a briefing schedule on its motion for partial summary judgment.

## I. Background

This case concerns coverage provided by a homeowner's insurance policy ("the Policy") issued by the Defendant for the Plaintiffs' property in Braxton County, West Virginia [ECF No. 1

at ¶ 6].[1] This policy carried separate coverage limits for Dwelling Protection (Coverage A) Personal Property Protection (Coverage B), Other Structures Coverage, Loss of Use Coverage, Excess Debris Removal Coverage, Tree and Shrub Coverage, and Arson Reward Coverage. Id. at ¶ 7.

On November 29, 2021, the Plaintiffs' residence on the property and all of its contents were destroyed in a fire. Id. at ¶ 9. Upon receiving notice of the fire, the Defendant inspected the property, declared it to be a total loss, and determined that the fire had been the result of arson.[2] Id. at ¶¶ 18-21. It paid the policy limits for Dwelling Protection (Coverage A), Optional Excess Debris Removal, and Tree and Shrub Coverage, for a total value of $214,094.25. Id. at ¶¶ 27, 29. The Defendant did not, however, pay the policy limit for Personal Property Protection. Id. at ¶ 28. It denied the Plaintiffs' personal property claim for the policy limits because they had not completed a Personal Property Inventory itemizing their belongings within the insured dwelling at the time of the fire or had not submitted a Contents Collaboration documenting their claim. Id. at ¶¶ 32, 45-46.

On July 28, 2022, the Plaintiffs commenced this lawsuit, alleging that the Defendant breached the Policy by denying their

---

[1] These facts are taken from the Plaintiffs' complaint.
[2] The Plaintiffs were not under suspicion regarding the cause or origin of the fire. Id. at ¶ 22.

personal property claim [ECF No. 1]. They seek to recover the Personal Property policy limit of $128,1000 as well as interest and attorneys' fees. Id. at 9. The Court entered a Scheduling Order directing the parties to complete discovery on or before March 27, 2023, and to file any dispositive motions on or before April 10, 2023 [ECF No. 10].

## II.  Discussion

Prior to the close of discovery, on January 3, 2023, the Defendant filed its motion for partial summary judgment [ECF No. 17]. It contends that the Plaintiffs are not entitled to the full limits of their personal property coverage without submitting an itemization because the Policy requires such documentation prior to payment and West Virginia valued policy law, W. Va. Code § 33-17-9, which the Plaintiffs contend relieves them of this obligation, does not apply to personal property claims. Id.

In lieu of a response, the Plaintiffs moved to strike the Defendant's motion for partial summary judgment as premature [ECF No. 18]. They cite to the Court's Scheduling Order which state that unless the parties have obtained an early briefing schedule, all dispositive motions must be filed after the close of discovery but before April 10, 2023 [ECF No. 19]. The Plaintiffs argue that because the Defendant filed its motion without an early briefing schedule and prior to the close of discovery, it should be stricken from the docket. Id. They also assert that they would be

prejudiced if required to respond without complete discovery.

Shortly thereafter the Defendant filed a motion requesting that the Court accept its motion prior to the close of discovery [ECF No. 21]. It asserted that the Plaintiffs would not be prejudiced by early briefing on its motion because it sought a ruling on a purely legal issue: whether West Virginia's valued policy law applies to personal property claims.

After careful consideration of the parties' positions, the Court will accept the Defendant's motion for partial summary judgment. Although filed early, the motion raises purely legal questions and cannot be considered premature. Further, because discovery has now closed, there is no risk of prejudice to the Plaintiffs in setting a briefing schedule. This decision does not impact the Plaintiffs' ability to file a cross motion for summary judgment within the time provided by the Court's Scheduling Order.

### III. Conclusion

For the reasons discussed, the Court:

(1) **DENIES** the Plaintiffs' motion to strike [ECF No. 18];

(2) **GRANTS** the Defendant's motion for leave to file [ECF No. 21];

(3) **DIRECTS** the Plaintiffs to file any response to the Defendant's motion for partial summary judgment within 21 days of the entry of this Order; and

(4) **DIRECTS** the Defendant to file any reply within 14 days

of the filing of the Plaintiffs' response.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: March 31, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA