IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONNA IDLEMAN and
MICHAEL IDLEMAN,

   Plaintiffs,

  v.             CIVIL NO. 1:22CV59
                    (KLEEH)

STATE FARM FIRE AND
CASUALTY COMPANY,

   Defendant.

MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT

On July 28, 2022, Donna and Michael Idleman (collectively, "the Plaintiffs") commenced this lawsuit, alleging that State Farm Fire and Casualty Company ("State Farm") breached a homeowner's insurance policy by denying their personal property claim [ECF No. 1]. Now pending are the parties' cross motions for summary judgment. For the reasons that follow, the Court **GRANTS** State Farm's motion [ECF No. 17] and **DENIES** the Plaintiffs' motion [ECF No. 36].

## I. Background

For purposes of summary judgment, the Court "view[s] the evidence in the light most favorable to the non-moving party" and refrains from "weighing the evidence or making credibility determinations." Lee v. Town of Seaboard, 863 F.3d 323, 327 (4th Cir. 2017) (quoting Jacobs v. N.C. Admin. Off. of the Cts., 780

F.3d 562, 568-69 (4th Cir. 2015)).   The undisputed facts are as follows.

## A.   Factual History

In 2014, the Plaintiffs purchased a residence located at 9930 Bug Ridge Road in Sutton, West Virginia.   They used this residence recreationally as a second home.   Over time, the Plaintiffs furnished and supplied the residence so that they did not have to pack clothing or other necessities when visiting.   On November 29, 2021, the Plaintiffs' Bug Ridge residence and its contents were destroyed in a fire.[1]

At that time, the Plaintiffs insured the residence through a homeowner's insurance policy ("the Policy") issued by State Farm [ECF No. 17-2].[2]   This policy carried separate coverage limits for Dwelling Protection (Coverage A), Personal Property Protection (Coverage B), Other Structures Coverage, Loss of Use Coverage, Excess Debris Removal Coverage, Tree and Shrub Coverage, and Arson Reward Coverage [ECF No. 17-2 at 5].   The Plaintiffs immediately notified State Farm of the fire and State Farm assigned a claims specialist, Thomas Reneau ("Reneau"), to investigate their claim.

On December 3, 2021, Reneau inspected the Bug Ridge property

---

[1] The West Virginia State Fire Marshal determined the cause of the fire to be arson [ECF No. 36-1 at 16].  The Plaintiffs were never under suspicion regarding the cause of the fire.
[2] The Bug Ridge residence was covered by Policy Number 48-BF-F154-6, effective October 21, 2021 through October 31, 2022 [ECF No. 17-2 at 2].

MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT

and declared it to be a total loss.  He instructed the Plaintiffs to inventory every item of personal property lost in the fire using State Farm's Contents Collaboration portal and provided them a digital link to do so.[3]  After the inspection, Mrs. Idleman accessed the digital link and started the personal property inventory.

Reneau and Mrs. Idleman met on December 15, 2021, and together entered additional items into the Contents Collaboration portal. The Plaintiffs' personal property inventory was not completed at the end of this meeting, and Mrs. Idleman understood that she needed to continue tracking lost contents in the portal.  But Mrs. Idleman did not complete the personal property inventory and Mr. Idleman did not add any items to the inventory.  They did not complete the inventory because they were overwhelmed by their loss and believed the requirement to be unfair.

At the conclusion of Reneau's investigation, State Farm paid the policy limits for Dwelling Protection (Coverage A), Optional Excess Debris Removal, Tree and Shrub Coverage, and Arson Reward, for a total value of $215,094.25 [ECF Nos. 36-3; 36-4; 36-11 at 9-10].  State Farm did not pay the policy limit of $128,100 for Personal Property Protection (Coverage B); instead, it held this claim open and notified the Plaintiffs on several occasions that

---

[3] This portal corroborates personal property claims by tracking the cost, age, and condition of each item lost.

IDLEMAN V. STATE FARM                                                    1:22CV59

**MEMORANDUM OPINION AND ORDER ON**
**CROSS MOTIONS FOR SUMMARY JUDGMENT**

their claim was pending completion of their personal property inventory.

In June 2022, based on the partial inventory Mrs. Idleman had created, State Farm "offer[ed] payment of $5,634.64 as the current documented Personal Property claim submitted by the [Plaintiffs]" [ECF Nos. 36-11 at 7; 36-3].  It informed the Plaintiffs that the offered payment was "not in any way a final settlement, but simply an Actual Cash Value payment of the contents claimed thus far" [ECF No. 36-11 at 7].  Reneau also followed up with the Plaintiffs about completing the personal property inventory, offering to assist them with the inventory on several occasions and sending them a copy of their partial inventory for review.  The Plaintiffs refused State Farm's partial payment and did not submit a complete personal property inventory.

**B.   Procedural History**

In July 2022, the Plaintiffs commenced this action alleging that State Farm breached the Policy by refusing to pay the full limits of their personal property coverage, $128,100 [ECF No. 1]. During their depositions in this case, the Plaintiffs identified additional contents lost in the Bug Ridge fire.

On January 3, 2023, State Farm filed a motion for partial

**MEMORANDUM OPINION AND ORDER ON**
**CROSS MOTIONS FOR SUMMARY JUDGMENT**

summary judgment [ECF No. 17].[4]  It asks the Court to resolve a single question of law: does West Virginia's valued policy law, W. Va. Code § 33-17-9, apply to personal property claims?  State Farm contends that the answer is no and, so, the Plaintiffs are not entitled to the full limits of their personal property coverage as a matter of law even though they suffered a total loss.  Id. at 3-4.  Rather, pursuant to the applicable Policy language, the Plaintiffs can recover the actual value of the lost personal property, up to $128,100.  Id. at 4-5.  And, to do so, they must demonstrate the value of their lost contents through a personal property inventory.  Id.

The Plaintiffs responded in opposition [ECF No. 38] and filed a competing motion for summary judgment on April 10, 2023 [ECF No. 36].  They assert that they could not possibly list every item lost in the fire and should not be penalized for their inability to do so.  Accordingly, they contend that State Farm is required to pay the full value of their personal property coverage as a matter of law under the valued policy law, or because it set and required the coverage limit.  Id. at 13-15.  They further assert that State Farm is required to pay their personal property claim

---

[4] Although State Farm filed its motion before the close of discovery, the Court accepted its early motion because it sought a ruling on a purely legal issue [ECF No. 35].

**MEMORANDUM OPINION AND ORDER ON**
**CROSS MOTIONS FOR SUMMARY JUDGMENT**

because they substantially complied with their duties under the policy and because a formal proof of loss is not required where the fire was a total loss and they provided access to the site for inspection [ECF No. 36 at 11-13].

## C.   Applicable Policy Language

Several provisions of the Plaintiffs' Policy are relevant to the issues in the pending motions.  Describing the types of loss insured, the Policy states that State Farm "will pay for accidental direct physical loss to the property described in Coverage B" caused by perils, such as "fire or lightning" or "vandalism or malicious mischief, meaning only willful and malicious damage to or destruction of property" [ECF No. 17-2 at 23-24].

The Policy also outlines the Plaintiffs' duties in the event of a loss.  For example, they must immediately notify State Farm of any loss, protect the property from further damage, allow State Farm to access the property, and cooperate in any investigation. Id. at 30.  The Plaintiffs must also:

  c.   prepare an inventory of damaged or stolen personal
       property:

       (1)   showing in detail the quantity, description,
             age, replacement cost, and amount of loss; and

       (2)   attaching all bills, receipts, and related
             documents that substantiate the figures in the
             inventory.

Id.

**IDLEMAN V. STATE FARM**                                    **1:22CV59**

### MEMORANDUM OPINION AND ORDER ON
### CROSS MOTIONS FOR SUMMARY JUDGMENT

Finally, the Policy includes personal property loss settlement provisions. Id. at 29-30. In the relevant provisions, State Farm agrees to pay the cost to repair or replace covered personal property subject to certain exceptions, including:

(1) until repair or replacement is completed, we will pay only the actual cash value of the damaged property;

(2) after repair or replacement is completed, we will pay the difference between the actual cash value and the cost you have actually and necessarily spent to repair or replace the property; and

(3) if property is not repaired or replaced within two years after the date of loss, we will pay only the actual cash value.

Id. at 29 (emphasis in original). The Policy further states that State Farm will not pay any amount for diminution in value and that it "will not pay an amount exceeding the smallest of the following":

(1) our cost to replace at the time of loss;

(2) the full cost of repair;

(3) any special limit of liability described in this policy; or

(4) any applicable Coverage B limit of liability.

Id. at 30.

## II. <u>Standard of Review</u>

Summary judgment is appropriate "if the pleadings,

IDLEMAN V. STATE FARM                                          1:22CV59

**MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT**

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Accocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000).  The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.  The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party.  Id. at 248–52.

"When faced with cross-motions for summary judgment, the court must review each motion on its own merits 'to determine

8

**MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT**

whether either of the parties deserves judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (quoting Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1997)).  The same standards of review apply when both parties file motions for summary judgment.  See ITCO Corp. v. Michelin Tire Corp., 722 F.2d 42, 45 n. 3 (4th Cir. 1983) ("The court is not permitted to resolve genuine issues of material facts on a motion for summary judgment — even where . . . both parties have filed cross motions for summary judgment").

### III. Discussion

Here, it is undisputed that the Bug Ridge fire resulted in a total loss, and that the Policy covers the Plaintiffs' lost personal property.  The remaining issue is whether the Plaintiffs are entitled to the full limit of their personal property coverage as a matter of law.  In other words, can the Plaintiffs recover the full policy limits regardless of the actual value of the contents lost?  For the reasons that follow, the Court concludes they are not.  It also finds that questions of material fact preclude summary judgment as to what amount the Plaintiffs are entitled to recover for their lost personal property.

IDLEMAN V. STATE FARM                                              1:22CV59

MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT

A.   **West Virginia's valued policy law does not apply to personal property claims.**

Prior to initiating this lawsuit, the Plaintiffs sent a letter to State Farm demanding payment of the full limit of their personal property coverage [ECF No. 17-3].   Relying on West Virginia's valued policy law, they contended that State Farm was required to pay the coverage's face value regardless of the actual value of the personal property lost.   Id.   State Farm refused their demand because the Plaintiffs had not identified contents worth the policy limits.   State Farm now moves for partial summary judgment on the question of whether the valued policy law applies to the Plaintiffs' personal property claims [ECF No. 17].

West Virginia's valued policy law, W. Va. Code § 33-17-9, provides that, in the event of a total loss fire, an insurer must pay the full amount of the insurance on real property.[5]   In Shinn v. West Virginia Insurance Company, the West Virginia Supreme Court of Appeals held that this statute does not extend to personal property claims.   140 S.E. 61, 66 (W. Va. 1927) (superseded by statute on other grounds).

In Shinn, a total loss fire consumed the insured's barn as

---

[5] Section 33-17-9 states, in relevant part, as follows: "[a]ll insurers providing fire insurance on real property in West Virginia shall be liable, in case of total loss by fire or otherwise, as stated in the policy, for the whole amount of insurance stated in the policy, upon such real property."

IDLEMAN V. STATE FARM                                              1:22CV59

**MEMORANDUM OPINION AND ORDER ON**
**CROSS MOTIONS FOR SUMMARY JUDGMENT**

well as his farm equipment within.  Id. at 61.  He argued that the valued policy law required his insurance company to pay the policy limits for both his real and personal property.  Id. at 67.  The Supreme Court disagreed, holding that the valued policy statute does not extend to personal property claims.  Id. at 66 ("The terms of the statute are clear, and apply to real property only.").  The insured therefore was not entitled to a policy limit payout for his lost farm equipment as a matter of law.  Id.  Instead, he could recover the actual value of his loss up to the policy limit.  Id.  As the Supreme Court explained, "[o]rdinarily the amount recoverable on a fire policy is the actual loss sustained, not to exceed the amount of the policy.  What was the loss sustained by plaintiffs?  Necessarily the value of the property at the time it was destroyed."  Id. (quotations and citations omitted).

Applying these principles here, the Court finds that West Virginia's valued policy law does not apply to the Plaintiffs' personal property claim and does not require State Farm to pay the full policy limit as a matter of law.[6]  The Court grants partial summary judgment to State Farm on this issue.

---

[6] The Plaintiffs attempt to distinguish Shinn from this case based on factual differences [ECF No. 38 at 3-4].  In particular, they point out that the insured in Shinn allegedly misrepresented material facts on his insurance application with the intent defraud the insurer.  Here, the Plaintiffs are under no such suspicion.  Despite the Plaintiffs' argument, this factual distinction does not render Shinn's holding inapplicable to this case.

### MEMORANDUM OPINION AND ORDER ON
### CROSS MOTIONS FOR SUMMARY JUDGMENT

**B.  The Plaintiffs are not otherwise entitled to their full policy limit as a matter of law.**

The Plaintiffs now agree that W. Va. Code § 33-17-9 does not apply to their personal property claim. [ECF No. 44 at 2]. Nevertheless, they maintain that State Farm must pay the face value of their personal property coverage as a matter of law for several other reasons.  Id.  As discussed below, the Court concludes that each of their arguments lacks merit.

**1.  Lost personal property is valued at the time of destruction.**

The Plaintiffs first contend that they are entitled to the full policy limit because "the actual loss sustained is determined when the policy is issued."  They cite Ritchie County Bank v. Fireman's Ins. Co., 47 S.E. 94 (W. Va. 1904) and Filiatreau v. Allstate Ins. Co, 358 S.E.2d 829 (W. Va. 1987) in support of this proposition.  As State Farm points out, however, the Plaintiffs' cases address real property loss.  Ritchie County Bank holds that the value of real property is determined when the policy is issued. 47 S.E. at 101.  Likewise, Filiatreau provides that, for real property loss, the insured is entitled to recover the face value of the policy "in case of total loss by fire or otherwise" regardless of the actual value of the real property.  358 S.E.2d at 832.  Because neither of these cases address personal property claims, they are inapplicable to this case.

12

MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT

Instead, the Court applies the law related to personal property loss as articulated in Shinn. There, the court held that the "actual value" of lost personal property is the value of the property at the time it was destroyed, not when the policy was issued. Shinn, 140 S.E. at 67 ("The application is no evidence of loss, but only of the value of the property at the time the application was made."). Accordingly, the Plaintiffs are not entitled to recover the face value of their policy without demonstrating that the actual value of the personal property at the time of the Bug Ridge fire met or exceeded $128,100.

**2.    The Plaintiffs are not entitled to the full policy limits because the Bug Ridge residence was a total loss.**

The Plaintiffs next argue that "West Virginia law compels the insurer to pay the full amount (in case of total loss for which it writes the Policy and on which the premium is calculated and collected." See ECF No. 38 at 7 (citing Ritchie County Bank, 47 S.E. at 101). "The basic purpose is to prevent insurance companies from over-valuing the insured property, thereby allowing them to collect an excess premium and later contest the value when there is a loss." Id. (citing Filiatreau, 358 S.E.2d at 832). But again, these principles relate only to real property losses. While West Virginia law requires insurers to pay full policy limits when there is a total loss of a structure, the same rule does not apply

13

**MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT**

to the structure's contents.  See Shinn, 140 S.E. at 66-67.  Thus, West Virginia law does not compel State Farm to pay the full policy limit on the Plaintiffs' personal property claim although the Bug Ridge residence was a total loss.

**3.  The Plaintiffs must submit an inventory to support their personal property claim.**

In reviewing an insurance policy, the language of the policy "should be given its plain, ordinary meaning." Syl. pt. 1, W. Va. Fire & Cas. Co. v. Stanley, 602 S.E.2d 483, 486 (2004) (citation omitted).  "[W]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Keffer v. Prudential Ins. Co. of Am., 172 S.E.2d 714, 715 (W. Va. 1970).

The Policy in this case is unambiguous.  It requires State Farm to pay for personal property loss caused by malicious destruction of property.  Id. at 23-24.  But such payment is contingent upon the Plaintiffs' preparation of "an inventory of damaged or stolen personal property: (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory."  Id. at 30.  Thus, while the Plaintiffs are entitled to recover the actual value of

14

IDLEMAN V. STATE FARM                                                    1:22CV59

**MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT**

their loss up to the policy limit under West Virginia law, the Policy requires them first to provide an inventory demonstrating the actual value of their lost personal property so that State Farm can adequately assess their claim.

Despite this unambiguous policy language, the Plaintiffs assert several reasons why they should not be required to submit a personal property inventory. Each is unpersuasive.

First, the Plaintiffs assert that they are entitled to recover the full policy limit because "an insured is entitled to the protection which he buys and for which he pays" and they have paid regularly paid the premiums associated with the $128,100 policy limit. The cite <u>Wade v. Mut. Ben. Health & Accident Ass'n</u>, 177 S.E. 611 (W. Va. 1934), in support of their argument but this reliance is misplaced. <u>Wade</u> addressed disability insurance coverage not personal property insurance coverage and so it does not govern this case. Even so, requiring the Plaintiffs to demonstrate the actual value of their personal property loss by submitting an inventory does not deprive them of the insurance for which they paid where the Policy clearly stated this precondition.

Second, the Plaintiffs contend that a formal proof of loss is not required where, as here, the loss is total, and the insurer is given an opportunity to inspect the premises. <u>See</u> ECF No. 37 at 12 (citing <u>Maynard v. Nat'l Fire Ins. Co. of Hartford</u>, 129 S.E. 2d

**MEMORANDUM OPINION AND ORDER ON**
**CROSS MOTIONS FOR SUMMARY JUDGMENT**

443, 453 (1963); Petrice v. Fed. Kemper Ins. Co., , 278 (1979);

Colonial Ins. Co. v. Barrett, (2000).  These cases again do not

address personal property claims and are inapplicable to the issues

in this case.  Furthermore, the inventory provision in the disputed

Policy is not a formal proof of loss provision as used in the real

property context.  There, a proof of loss provision, commonly

referred to as a notice provision, requires the insured to inform

the insurer of a claim as soon as practical.  So long as the

insured provides notice that "result[s] in the insurer being able

to adequately investigate the claim and estimate its liabilities,"

the insured has satisfied their duty.  Maynard, 129 S.E. 2d at

453.  Here, according to State Farm, it has not yet been able to

evaluate the Plaintiffs' personal property claim and estimate its

liability due to the lack of information about the contents lost

in the Bug Ridge Fire.

Third, the Plaintiffs assert State Farm is estopped from

insisting upon compliance with the inventory provision because it

valued the contents of the Bug Ridge residence at $128,100 when it

issued the Policy.  The Plaintiffs are correct that under West

Virginia law an insurer may be estopped from insisting upon

compliance with a particular policy provision where the insured

reasonably and detrimentally relies on the insurer's

representation that it will not enforce the provision.  See Potesta

16

v. U.S. Fid. & Guar. Co., 504 S.E.2d 135, 143 (W. Va. 1998).  But
this case does not present such a scenario.  As discussed, the
Plaintiffs' contents are not valued at the Policy limit simply
because State Farm issued the Policy.  The Policy notified the
Plaintiffs that they would be required to submit a personal
property inventory and that the coverage limit would act as a
ceiling, not a floor.  State Farm's actions in this case have been
consistent with this provision and in no way indicated that State
Farm did not intend to enforce the inventory provision.  From the
date of the site visit, State Farm has repeatedly informed the
Plaintiffs that they would need to complete and submit an inventory
of their lost personal property before it would issue a payment
under their personal property coverage.  Thus, State Farm is not
estopped from enforcing this provision.

Finally, the Plaintiffs argue that the West Virginia Supreme
Court of Appeals has directed insurers to pay the face value of a
personal property policy in cases such as this.  They cite Footnote
2 of Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73, 81
(W. Va. 1986), where the WVSCA stated:

> One example of "actual malice" would be a company-wide
> policy of delaying the payment of just claims through
> barraging the policyholder with mindless paperwork. For
> example, in a claim for household contents in a burned
> out house, the company should simply pay the face amount
> of the policy. Since the companies themselves
> often require a certain level of insurance on contents,

17

**MEMORANDUM OPINION AND ORDER ON**
**CROSS MOTIONS FOR SUMMARY JUDGMENT**

> it shows actual malice to require the policyholder to
> fill out form after form and argue for months over what,
> in nearly every case, is a foregone conclusion. Here the
> actual malice is a desire to keep millions of dollars in
> claims money at interest within the company. But the
> same reasoning, of course, would not apply to the
> fluctuating inventory of an insured warehouse or any
> other situation where it is reasonable to assume that
> the value of the insured property—contents of a jewelry
> store, for example—will fluctuate seasonally and the
> annual premium has been calculated accordingly.

Id. at n.2.

As State Farm points out, Footnote 2 is dicta in an opinion articulating the "actual malice" standard that applies to bad faith claims, not to coverage claims like those at issue here.  Moreover, Footnote 2 contradicts the holding in Shinn, 140 S.E. at 61. "Considered dicta in the opinions of the highest state court should not be ignored; and dictum which is a clear exposition of the law must be followed unless in conflict with other decisions of that court." Sherby v. Weather Bros. Transfer Co., 421 F.2d. 1243, 1244 (4th Cir. 1970) (emphasis added).  Footnote 2 is at odds with the WVSCA's pronouncements that "[t]he basis of recovery on a fire insurance policy on personal property is the actual loss sustained, not to exceed the amount of the policy" and that the "actual value" of lost personal property is the value of the property at the time it was destroyed, not when the policy was issued.  Shinn, 140 S.E. at 61, 67.  The Court thus concludes that Footnote 2 of Hayseeds does not require State Farm to pay the full policy limits on the

IDLEMAN V. STATE FARM                                          1:22CV59

**MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs' personal property claim as a matter of law.

**4.   There are disputes of fact as to whether State Farm set and
required the Plaintiffs' personal property coverage limit and
whether the Plaintiffs have substantially complied with the
Policy.**

The Plaintiffs assert that State Farm cannot refuse to pay
the full value of their personal property coverage because "[t]here
is no dispute that State Farm set and _required_ the level of
insurance on the Plaintiffs' contents" [ECF No. 37 at 14 (emphasis
in original)].   Despite this assertion, State Farm very much
disputes that it alone set the Plaintiffs' personal property
coverage limit and that it required any level of coverage.

During their depositions, the Plaintiffs' testified that they
did not participate in setting their personal property coverage
limit [ECF No. 36-6 at 78:19-24, 79:1-2].   Mr. Idleman also
testified that State Farm never informed him that the coverage
limit could be changed [ECF No. 36-5 at 11:8-14].

Conversely, the Policy's declarations provide as follows:

Your coverage amount . . . .

It is up to you to choose the coverages and limits that
meet your needs.  We recommend that you purchase a
coverage limit at least equal to the estimated
replacement cost of your home. . . . Higher limits are
available at higher premiums.  Lower limits are also
available, which if selected may make certain coverages
unavailable to you.  We encourage you to periodically
review your coverages and limits with your agent and
notify us of any changes or additions to your home.

IDLEMAN V. STATE FARM                                          1:22CV59

### MEMORANDUM OPINION AND ORDER ON
### CROSS MOTIONS FOR SUMMARY JUDGMENT

ECF No. 36-2 at 4 (emphasis in original).  State Farm's rating
manual further provides that personal property coverage is
typically offered at 75% of the real property coverage but is
subject to change [ECF Nos. 39-15 at 11-12; 16 at 25].  Thus, there
is a dispute of fact as to whether State Farm set the Plaintiffs'
personal property limit and required them to maintain a certain
level of coverage.

        There is also a question of fact as to whether the Plaintiffs
substantially complied with their duties under the Policy.  "[I]n
the absence of bad faith, the law requires of the insured only a
reasonable and substantial compliance with the clauses,
conditions[,] and warranties of a policy of fire insurance."
Maynard, 129 S.E.2d at 453 (overruled on other grounds by Smithson
v. U.S. Fid. & Guar. Co., 411 S.E.2d 850 (W. Va. 1991)).  The
burden of proving compliance is on the insured.  Id. at 448.  The
Plaintiffs contend that they have substantially complied with the
Policy by submitting a partial personal property inventory,
providing testimony related to their loss during discovery in this
case, and satisfying their other duties.  State Farm conversely
argues that the Plaintiffs have not substantially complied with
the Policy because they never completed a personal property
inventory which has deprived it of the ability to adequately
evaluate their claim.  It emphasizes that, despite Reneau's

**MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT**

multiple offers of help, the Plaintiffs refused to complete the inventory because they believed the requirement was unfair.

These questions of fact are irrelevant to the question of law raised by State Farm and prevent summary judgment in favor of the Plaintiffs.  The Plaintiffs are not entitled to recover the full value of their personal property coverage as a matter of law.

## IV.  Conclusion

For the reasons discussed, the Plaintiffs are not entitled to the full personal property policy limit absent proof that their lost contents met or exceeded that limit.  Under West Virginia law, the Plaintiffs may recover their actual loss sustained, or the value of the contents of the Bug Ridge residence, up to $128,100.  There remain questions of fact related to the actual value of the lost property that must be resolved by a jury.

The Court therefore **GRANTS** State Farm's motion for summary judgment [ECF No. 17] and **DENIES** the Plaintiffs' motion [ECF No. 36].

It is so **ORDERED**.

**IDLEMAN V. STATE FARM**                                                **1:22CV59**

**MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: July 18, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA